# EXHIBIT A

# Complaint

F I L E D
Electronically
CV21-00015
2021-01-05 05:10:32 PM
Jacqueline Bryant
Clerk of the Court
Transaction # 8232029 : csulezic

1  Patrick R. Leverty, Esq., NV Bar No. 8840
   Vernon E. Leverty, Esq., NV Bar No. 1266
2  LEVERTY & ASSOCIATES LAW CHTD.
   832 Willow Street
3  Reno, Nevada 89502
   (775) 322-6636
4  pat@levertylaw.com
   gene@levertylaw.com
5  *Attorneys for Plaintiff Crown Logistics LLC*

6              **IN THE SECOND JUDICIAL DISTRICT COURT OF**

7                **THE STATE OF NEVADA IN AND FOR**

8                    **THE COUNTY OF WASHOE**

9  CROWN LOGISTICS, LLC, a Nevada            )
   Limited Liability Company                 )
10                                            )      CASE NO.:
                                              )
11              Plaintiffs,                   )
                                              )
       vs.                                    )
12                                            )      DEPT. NO.:
   AMERICAN SAFETY INSURANCE                  )
13 COMPANY; CONTINENTAL TRUCKING              )
   ASSOCIATION, INC.; CONTINENTAL             )
14 INSURANCE AGENCY, INC.; DOES I-            )
   XXX; and ABC CORPORATIONS A-Z;             )
15 inclusive,                                 )
                                              )
16              Defendants.                   )
   _____

17
                            **COMPLAINT**
18        **(EXEMPTION FROM ARBITRATION - PUBLIC POLICY)**

19         Plaintiff, Crown Logistics, LLC, by and through its attorneys of record, Leverty &

20 Associates Law Chtd., allege causes of action against the above-entitled Defendants as follows:

21                        **JURISDICTION AND VENUE**

22 1.    Crown Logistics, LLC (hereinafter "Crown" or "Plaintiff") was, at all times relevant, a

23       Nevada limited liability company with its principal place of business in the County of

24       Washoe, State of Nevada.

25 2.    Defendant American Safety Insurance Company (hereinafter "American Safety

26       Insurance") is a foreign corporation domiciled in the State of Georgia that is not

27       authorized to conduct the business of insurance in the State of Nevada.

28

                                    1

3.    Defendant Continental Trucking Association, Inc. ("Continental Trucking Association") is a foreign corporation domiciled in the State of Wisconsin.

4.    Defendant Continental Insurance Agency, Inc. ("Continental Insurance Agency") is a foreign corporation domiciled in the State of Wisconsin.  Continental Insurance Agency is not licensed to transact insurance in the State of Nevada.

5.    Plaintiffs do not know the true names or capacities of the defendants sued herein as DOES I through XXX; therefore, Plaintiffs sue said defendants by such fictitious names, and prays leave that when the true names of said defendants are ascertained, they may be inserted with appropriate allegations. Plaintiffs are informed and believe, and upon such information and belief, allege that each of the defendants designated herein by such fictitious names is responsible in some manner for the events and happenings hereinafter referred to and that such conduct of defendants caused injury and damages proximately thereby to plaintiffs. Upon learning the true names and identities of DOES I through XXX, Plaintiffs will seek leave of court to amend this Complaint.

6.    Plaintiffs do not know the true names or capacities of the defendants sued herein as ABC CORPORATIONS A-Z; therefore, Plaintiffs sues said defendants by such fictitious names, and prays leave that when the true names of said defendants are ascertained, they may be inserted with appropriate allegations. Plaintiffs are informed and believe, and upon such information and belief, alleges that each of the defendants designated herein by such fictitious names is responsible in some manner for the events and happenings hereinafter referred to and that such conduct of defendants caused injury and damages proximately thereby to plaintiffs. Upon learning the true names and identities of ABC CORPORATIONS A-Z, Plaintiff will seek leave of court to amend this Complaint.

7.    At all times relevant herein, defendants, and each of them, were the agents and employees of each of the remaining defendants and/or acting in concert with one another, and were at all times acting within the course and scope of said agency and employment, and each defendant has ratified and approved the acts of the other. Therefore, each defendant is liable for the acts of each remaining defendant.

2

8.    NRS 685A.200(1) provides, "An unauthorized insurer effecting insurance under the provisions of the Nonadmitted Insurance Law shall be deemed to be transacting insurance in this state as an unlicensed insurer and may be sued in a district court of this state upon any cause of action arising against it in this state under any insurance contract entered into by it under this chapter."

9.    Defendant American Safety Insurance is an unauthorized insurer effecting insurance under the provision so the Nonadmitted Insurance Law; therefore, Defendant American Safety Insurance may be sued in the Washoe County District Court in and for the State of Nevada and this matter is not removable to the United States District Court.

**GENERAL ALLEGATIONS**

10.    Plaintiffs restate and reallege each and every one of the allegations made in this complaint inclusive, as if fully set forth herein.

11.    Crown is a trucking company operating out of Sparks, Nevada.

12.    Crown contacted its insurance producer Tri County Independent Insurance Agency LLC to procure insurance for its operations.

13.    Tri County Independent Insurance Agency LLC procured insurance for Crown through Defendant Continental Trucking Association.

14.    Continental Trucking Association is a membership organization.

15.    If a trucking company becomes a member of Continental Trucking Association the member can get insurance.

16.    Continental Trucking Association acts like a managing general agent ("MGA") but is not licenses as an MGA who can write polies or adjust claims within the State of Nevada.

17.    By way of its membership in Continental Trucking Association, Crown purchased Physical Damage Insurance from Defendant American Safety.

18.    Defendant American Safety issued Physical Damage policy number BA275000-15669 (the "Policy") to Crown.

19.    The Policy has a policy period of April 3, 2020 through April 3, 2021.

20.    The Policy provides physical damage to covered autos.

3

21. The Policy contains an amendatory endorsement for the "Motor Truck Cargo Legal Liability Coverage."

22. The "Motor Truck Cargo Legal Liability Coverage" Amendatory Endorsement provides reporting conditions for adding new drivers and new vehicles.

23. The "Motor Truck Cargo Legal Liability Coverage" Amendatory Endorsement states that when an insured, such as Crown, adds a new driver the insured should submit the drivers Motor Vehicle Report to Defendant Continental Insurance Agency with seven days of employment with the insured.

24. The "Motor Truck Cargo Legal Liability Coverage" Amendatory Endorsement also provides that the Drivers must be in compliance with the driver criteria established by Defendant Continental Insurance Agency and have a valid commercial driving license at the time of the loss.

25. On October 16, 2020, Crown rented a 2020 International Tractor, Model LT625 with Serial No. 3HSDZAPROLN857777 (the "Tractor") from Idealease of Reno/Sparks.

26. On Friday, October 16, 2020, Crown informed its insurance producer about the rental of the Tractor.

27. On Monday, October 19, 2020, Crown was issued a Certificate of Liability adding the Tractor to the Policy as a Covered Auto.

28. The Tractor was added to the Schedule of vehicles.

29. On Friday, November 20, 2020, Crown hired a new driver, Tylor John Stafford.

30. On or about 6:00 pm pacific time on Friday, November 20, 2020, Crown notified its insurance producer about the new driver.

31. On Monday, November 23, 2020, Crown's insurance producer submitted the driver, Tylor John Stafford, to Defendant Continental Insurance Agency for approval in compliance with the "Motor Truck Cargo Legal Liability Coverage" Amendatory Endorsement.

32. Defendant Continental Insurance Agency approved the new driver, Tylor John Stafford, and added him as a driver to the Policy.

4

33.   On November 22, 2020, the Tractor was involved with a collision with another object.

34.   The Policy provides Physical Damage Coverage for collisions caused by a cover auto's collision with another object.

35.   Crown submitted the loss to its physical damage coverage insurer, Defendant American Safety.

36.   On December 4, 2020, Defendant Continental Insurance Agency, Inc. sent a letter to Crown denying coverage.

37.   The denial letter sent by Defendant Continental Insurance Agency, Inc. stated the letter was sent "on behalf of Continental Trucking Association, Inc."

38.   The letter denied coverage under the Policy stating, "Driver was not scheduled or reported: Driver: Tylor John Stafford not Approved/reported at time of incident.

39.   The coverage denial is wrong for multiple reasons.

40.   The physical damage coverage applies to covered autos; therefore, the denial based on the driver not being added is baseless and nonsensical.

41.   The addition of the driver only concerns liability coverage and has zero application to the physical damage coverage.

42.   Even assuming the addition of the driver matters to the physical damage coverage, the denial was still incorrect.

43.   Crown complied with the "Motor Truck Cargo Legal Liability Coverage" Amendatory Endorsement when adding Tylor John Stafford as a driver.

44.   The "Motor Truck Cargo Legal Liability Coverage" Amendatory Endorsement provides that the insured may hire new drivers and then within seven (7) days of that employment the insured must submit to Continental Insurance Agency the driver's Motor Vehicle Report.

45.   As detailed above in Paragraphs 28-31, Crown complied with the "Motor Truck Cargo Legal Liability Coverage" Amendatory Endorsement by submitting the Motor Vehicle Report within seven (7) days of the employment.

46.   Defendants refused to reconsider their ill-founded and incorrect denial of coverage and

5

A-000006

1   therefore Plaintiff was forced to bring this action.

2                           **FIRST CAUSE OF ACTION**

3                  *Breach of Insurance Contract vs. Defendants*

4   47.   Plaintiff restates and realleges each and every one of the allegations made in this

5          complaint inclusive, as if fully set forth herein.

6   48.   An insurance contract exists between the Plaintiff and Defendant American Safety

7          Insurance.

8   49.   Plaintiff has performed all conditions of the insurance policy required to be performed on

9          its part.

10  50.   Upon information and belief, Continental Trucking Association and Continental

11         Insurance Agency are both engaged in a joint venture with American Safety Insurance  by

12         way of their administrative responsibilities, claims handling duties, profit sharing and

13         special relationship with American Safety Insurance.

14  51.   The insurance policy is a contract of adhesion and should be interpreted broadly,

15         affording the greatest possible coverage to the insured.

16  52.   The contract must be given a construction which will fairly achieve its object of

17         providing indemnity for the loss to which the insurance relates.

18  53.   The terms of the insurance contract are to be understood in their plain, ordinary, and

19         popular sense.

20  54.   Defendant breached the contract by failing to provide benefits due and owing under the

21         insurance policy.

22  55.   Defendant breached the insurance contract by, among other things, failing to adequately

23         investigate Plaintiff's claim; by failing to provide Plaintiff all of the benefits it is entitled

24         to under the policy; by failing to provide benefits due and owing under the insurance

25         policy; by failing to promptly and fairly process and settle Plaintiff's claim; by failing to

26         fairly evaluate Plaintiff's claim; by placing its interests ahead of Plaintiff's interests; and

27         by withholding benefits due and owing under the policy.

28

A-000007

56. As a proximate result of Defendant's breach of the insurance contract, Plaintiff has suffered damages..

**SECOND CAUSE OF ACTION**

*Breach of the Duty of Good Faith and Fair Dealing vs. Defendants*

57. Plaintiff restates and realleges each and every one of the allegations made in this complaint inclusive, as if fully set forth herein.

58. There is an implied covenant of good faith and fair dealing in the insurance contract that Defendants will not do anything to injure the rights of its insured to obtain benefits due and owing under the policy.

59. Plaintiff has a legal entitlement to benefits due and owing under the insurance policies.

60. Defendants acted in bad faith and breached the covenant of good faith and fair dealing by their conduct including, but not limited to, the following: (a) refusing, without proper basis, to recognize its coverage obligations; (b) failing to make a timely determination of coverage; (c) failing to properly investigate Plaintiffs' claim; (d) failing to provide Plaintiffs all of the benefits they are legally entitled to under the policy; (e) failing to comply with NRS 686A.310(1), NAC 686A.660, NAC 686A.665, NAC 686A.670 and NAC 686A.675; (f) forcing Plaintiffs to institute this litigation to recover benefits they are legally entitled to under the policy; (g) failing to conduct a full, fair, and prompt investigation of the claim; (h) misrepresenting facts and policy provisions; (i) failing to adopt and implement reasonable standards for the prompt investigation of claims; (j) ignoring evidence that supports coverage; (k) unreasonably interpreting the policy; (l) failing to conduct a fair and objective evaluation of the claim; (m) placing their interests ahead of Plaintiffs' interests; (n) failing to provide a reasonable explanation of the basis for denying and/or offering to settle or compromise their claim; (o) by creating false or fictitious issues to avoid paying benefits due and owing; (p) by using the claims department as a profit center; and (q) by other wrongful conduct.

61. Defendants, through their actions described herein, including, but not limited to, improperly denying coverage, have breached the duty of good faith and fair dealing by

7

A-000008

denying Crown, without good or reasonable cause, the peace of mind that is the basis of insurance.

62. As a proximate result of Defendants' breach of their duty of good faith and fair dealing, Plaintiff has suffered damages.

63. By engaging in its bad faith conduct, Defendants acted fraudulently, oppressively, and in malicious disregard of the Plaintiff's rights. Plaintiff, therefore, seeks punitive damages by way of punishment and deterrence in an amount to be determined at trial.

### THIRD CAUSE OF ACTION

*Breach of Nevada's Unfair Trade Practices vs. American Safety Insurance Company*

64. Plaintiff restates and realleges each and every one of the allegations made in this complaint inclusive, as if fully set forth herein.

65. An insurance company operating in the State of Nevada, whether authorized to do business in the state, or acting without legal authorization, must comply with Nevada's insurance claims handling laws for claims made by Nevada residents.

66. As a result, Defendant is, and at all times mentioned herein was, an entity regulated by Title 57 of the Nevada Revised Statutes.

67. There was in force at the time a Nevada statute regarding the minimum standards of how to settle claims.

68. Plaintiff incorporates the specific provisions of NRS 686A.310(1), NAC 686A.660, NAC 686A.665, NAC 686A.670 and NAC 686A.675. Under NRS 686A.310(2), Plaintiff is specifically authorized to enforce the provisions of NRS 686A.310(1).

69. Defendant has violated these provisions by misrepresenting pertinent facts and insurance policy provisions relating to coverages at issue; by failing to effectuate a prompt, fair and equitable settlement of Plaintiff's claim; by compelling the Plaintiff to institute litigation to recover amounts due under the insurance policy; by compelling Plaintiff to institute litigation to enforce the terms of the insurance policy; by failing to provide a reasonable explanation of the basis for denying and/or offering to settle or compromise the Plaintiff's claim; by failing to provide promptly to the Plaintiff a reasonable explanation of the basis

8

in the insurance policy, with respect to the facts of the insured's claim and the applicable

law, for the denial of this claim or for an offer to settle or compromise this claim; by

failing to retain, train and supervise competent adjusters to conduct prompt, thorough and

impartial investigations to promptly determine the true facts of this claim; by

misrepresenting the law applicable to the policy and its claims handling; by carrying out

unfair and deceptive trade practices in the business of insurance; and by other wrongful

conduct.

70.     As a proximate and foreseeable result of the violations of NRS 686A.310, Plaintiff has

suffered damages.

71.     In violating NRS 686A.310, Defendant acted fraudulently, oppressively, and in malicious

disregard for the rights of Plaintiff. Plaintiff, therefore, seeks punitive damages by way of

punishment and deterrence in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION

*Breach of Nevada's Unfair Trade Practices vs.*

*Continental Trucking Association, Inc. and Continental Insurance Agency*

72.     Plaintiff restates and realleges each and every one of the allegations made in this

complaint inclusive, as if fully set forth herein.

73.     Defendants Continental Trucking Association, Inc. and Continental Insurance Agency are

both an "adjuster" as defined by NRS 684A .020.

74.     A person or entity acting as a claims adjustor operating in the State of Nevada, including

claims arising from Nevada insureds, must comply with Nevada's laws regarding the

handling of claims.

75.     Pursuant to NRS 684A.035, adjusters are liable for violations of NRS 686A.310.

Therefore, as an adjuster, Defendants Continental Trucking Association, Inc. and

Continental Insurance Agency are both individually liable for violations of NRS

686A.310.

76.     There was in force at all times relevant hereto a Nevada statute regarding the minimum

standards of how to settle claims.

9

77.  Plaintiff incorporates the specific provisions of NRS 686A.310(1), NAC  686A.660, NAC 686A.665, NAC 686A.670 and NAC 686A.675. Under NRS 686A.310(2), Plaintiff is specifically authorized to enforce the provisions of NRS 686A.310(1).

78.  Defendants Continental Trucking Association, Inc. and Continental Insurance Agency violated these provisions by misrepresenting pertinent facts and insurance policy provisions relating to coverages at issue; by failing to effectuate a prompt, fair and equitable settlement of Plaintiff's claims; by compelling the Plaintiff to institute litigation to recover amounts due under the insurance policy; by compelling Plaintiff to institute litigation to enforce the terms of the insurance policy; by failing to provide a reasonable explanation of the basis for denying and/or offering to settle or compromise the Plaintiff' claim; by failing to provide promptly to the Plaintiff a reasonable explanation of the basis in the insurance policy, with respect to the facts of the insured's claim and the applicable law, for the denial of this claim or for an offer to settle or compromise this claim; by failing to retain, train and supervise competent adjusters to conduct prompt, thorough and impartial investigations to promptly determine the true facts of this claim; by misrepresenting the law applicable to the policy and its claims handling; by carrying out unfair and deceptive trade practices in the business of insurance; and by other wrongful conduct.

79.  Defendants Continental Trucking Association, Inc. and Continental Insurance Agency failed to effectuate a prompt, fair and equitable settlement of Plaintiff's claim by creating false or fictitious arguments as to why there was no coverage under the Policy.

80.  As a proximate and foreseeable result of the violations of NRS 686A.310, Plaintiff has suffered damages in an amount in excess of this court's jurisdictional minimum.

81.  In violating NRS 686A.310, Defendants Continental Trucking Association, Inc. and Continental Insurance Agency acted fraudulently, oppressively, and in malicious disregard for Plaintiff's rights. Plaintiff, therefore, seeks punitive damages by way of punishment and deterrence in an amount to be determined at trial.

/ / / /

10

A-000011

**FIFTH CAUSE OF ACTION**

*Aiding and Abetting the Tortious Breach of the Duty of Good Faith & Fair Dealing  vs.*

*Continental Trucking Association, Inc. and Continental Insurance Agency*

82.  Plaintiff hereby incorporates by this reference and realleges each and every allegation contained in all paragraphs on this complaint inclusive, as if fully set forth herein.

83.  A person or entity who aids and abets a tortfeasor is himself or itself liable for the resulting harm to a third person.

84.  An insurer's breach of an implied covenant of good faith and fair dealing is a tort.

85.  As detailed herein, American Security Insurance tortiously breached the implied covenant of good faith and fair dealing.

86.  Defendants Continental Trucking Association, Inc. and Continental Insurance Agency were aware of each of their role in promoting the tortious breach of the implied covenant of good faith and fair dealing at the time it provided its claims services. A party, such as American Safety Insurance Company, tasked with handling, processing and investigating claims for an insurance company knows, or at a minimum has a general awareness, that if it assists or encourages the insurer to deny all or part of a claim without a reasonable basis that the insurer will have committed bad faith.

87.  Defendants Continental Trucking Association, Inc. and Continental Insurance Agency knowingly and substantially assisted and/or encouraged American Safety Insurance with the intent of promoting the tortious breach of the implied covenant of good faith and fair dealing.

88.  American Safety Insurance failed to conduct a reasonable investigation into the Claim.

89.  Defendants Continental Trucking Association, Inc. and Continental Insurance Agency substantially assisted or encouraged American Safety Insurance's decisions on the Claim without a reasonable basis.

90.  As a direct and proximate result of Defendants Continental Trucking Association, Inc.'s and Continental Insurance Agency's conduct, Plaintiff has suffered damages in an amount in excess of this court's jurisdictional minimum.

11

91.   In engaging in its conduct, Defendants Continental Trucking Association, Inc. and
      Continental Insurance Agency acted fraudulently, oppressively, and in malicious
      disregard of Plaintiff's rights.  Plaintiff, therefore, seek punitive damages by way of
      punishment and deterrence in an amount to be determined at trial.

**SIXTH CAUSE OF ACTION**

*Negligence vs.*

*Continental Trucking Association, Inc. and Continental Insurance Agency*

92.   Plaintiff hereby incorporates by this reference and realleges each and every allegation
      contained in all paragraphs on this complaint inclusive, as if fully set forth herein.

93.   Defendants Continental Trucking Association, Inc. and Continental Insurance Agency
      each independently owe a duty to Plaintiff to act with reasonable care, skill and diligence.

94.   Defendants Continental Trucking Association, Inc. and Continental Insurance Agency
      each independently owed Plaintiff a duty to procure coverage for Physical Damage.

95.   Defendants Continental Trucking Association, Inc. and Continental Insurance Agency
      breached their individual duties to Plaintiff, as beneficiary, by failing to properly serve,
      deliver, and obtain a Policy with Physical Damage coverage following the covered autos
      added after the Policy inception.

96.   As a direct and proximate result of Defendants Continental Trucking Association, Inc.'s
      and Continental Insurance Agency's conduct, Plaintiff has suffered damages in an amount
      in excess of this court's jurisdictional minimum.

**SEVENTH CAUSE OF ACTION**

*Unauthorized Transaction of Insurance/Injunction v. All Defendants*

97.   Plaintiff hereby incorporates by this reference and realleges each and every allegation
      contained in all paragraphs on this complaint inclusive, as if fully set forth herein.

98.   The insurance industry, due to its nature, requires any person or entity engaging in the
      business of insurance to be authorized and/or approved and/or licensed before that person
      is allowed to transact the business of insurance within the State of Nevada.

12

*Loverly & Associates Law*
CHARTERED
ATTORNEYS AND COUNSELORS AT LAW
*Reno Gould House*
832 WILLOW STREET
RENO, NEVADA 89502

99. Defendant American Safety Insurance Company is an insurer, as defined by NRS 679A.100, and is not authorized, approved, or licensed to transact any business of insurance within the State of Nevada.

100. Defendant Continental Insurance Agency is acting as a Managing General Agent within the State of Nevada, as defined by NRS 386A.030.

101. Defendant Continental Insurance Agency, however, is not authorized, approved, or licensed to act as a Managing General Agent within the State of Nevada.

102. Defendant Continental Insurance Agency is acting as a claims adjusting entity within the State of Nevada, as defined by NRS 684A.020.

103. Defendant Continental Insurance Agency, however, is not authorized, approved, or licensed to act as an adjustor within the State of Nevada.

104. Defendant Continental Trucking Association is transacting the business of insurance within the State of Nevada as defined by NRS 679A.130.

105. Defendant Continental Trucking Association, however, is not authorized, approved, or licensed to transact business within the State of Nevada.

106. Defendants do not fall within any exemption from the Nevada Insurance Code set forth in NRS 679A.130.

107. Pursuant to NRS 685B.030, Defendants cannot claim that because they acted in violation of the law that the insurance policy issued to Crown is in any way invalid, or that they are not subject to Nevada law for the issuance of any policy of insurance, or for the handling of any claim arising under such policy.

108. Pursuant to NRS 685B.060, Defendants, and each of them, must deposit with the clerk of the Court cash or securities, or file a bond with good and sufficient sureties, an amount to secure the payment of any final judgment which may be rendered in this action before they are allowed to file any pleading.

109. For the foregoing reasons, this Court should issue injunctive relief in favor of Crown ruling that Defendants cannot utilize any exemption in any policy of insurance issued in

13

A-000014

1   the State of Nevada or covering a risk within the State of Nevada as a basis for denying

2   any claim made by Crown or any other Nevada resident.

3                                **PRAYER FOR RELIEF**

4   **WHEREFORE**, Plaintiff prays for judgment as follows:

5   1.      For damages in excess of $15,000 and in such amounts as may be proved at trial;

6   2.      For costs and attorney fees incurred in connection with this action;

7   3.      For injunctive relief as set forth herein;

8   4.      For special and consequential damages in an amount to be proved at trial;

9   5.      For prejudgment and post judgment interest on all sums awarded, according to

10          proof at the maximum legal rate;

11  6.      For punitive damages in such amounts as may be proved at trial; and,

12  7.      For such and further relief as the Court deems just and appropriate.

13                                  **AFFIRMATION**

14                                  **(NRS 239B.030)**

15      The undersigned does hereby affirm that the preceding document filed in the Second

16  Judicial District Court of the State of Nevada in and for the County of Washoe, does not contain

17  any personal information.

18      DATED this 5th day of January, 2021.

19                                  **LEVERTY & ASSOCIATES LAW CHTD.**

20                                  *Patrick Leverty*
                                    _____
21                                  Patrick R. Leverty, Esq.
                                    Nevada Bar No. 8840
22                                  832 Willow Street
                                    Reno, NV 89502

23

24

25

26

27

28